UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **ROBERT WILLIAM KELLY,** an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**BARTOW POLICE DEPARTMENT,** and **OFF. BRYCE RILEY,** an Individual,<br><br>Defendant(s). | Case No.: 8:23-CV-548<br><br>**COMPLAINT FOR FALSE ARREST/IMPRISONMENT, NEGLIGENT PERFORMANCE OF DUTY, ASSAULT, AND BATTERY, AND VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND DEMAND FOR JURY TRIAL** |

**COMES NOW, PLAINTIFF: ROBERT WILLIAM KELLY**, by and through the undersigned attorney, and hereby sues **DEFENDANTS, BARTOW POLICE DEPARTMENT**, and **OFF. BRYSE RILEY,** individually and in support states:

**PARTIES**

1. The Plaintiff, **ROBERT WILLIAM KELLY**, (hereinafter "Mr. Kelly" or "Plaintiff"), was at all times mentioned, and still is over the age of 18; sui juris; a citizen of the United States; and a resident of the City of Bartow, Polk County, Florida.

2. The Defendant, **BARTOW POLICE DEPT**, was at all times mentioned, is a Police agency of the City of Bartow, a municipality (hereinafter "Bartow Police Dept.").

3. Under information and belief, the Defendant, **OFF. BRYSE RILEY**, (hereinafter "Off. Riley") was at all times mentioned, employed by the Bartow City Police Dept. as a Police Officer; is a resident of Polk County, Florida; was acting under the color of law, and otherwise sui juris.

**JURISDICTION AND VENUE**

4. This is a civil action arising out of the wrongful arrest and detention of the Plaintiff and asserting causes of action against Defendants for violations of Plaintiff's civil rights under the United States Constitution, specifically the Fourth and Fourteenth Amendments thereto; violations of 42 U.S.C. §§ 1983, 1988; and violations of Florida Statutes and common law.

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's § 1983 claim.

6. This Court has supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367 because these claims are so related to Plaintiff's § 1983 claims that they form part of the same case or controversy.

7. On July 24, 2017, Plaintiff provided notice of his claims pursuant to § 768.28, Florida Statutes, to Bartow City Police Department, City of Bartow and the Florida Department of Financial Services. More than 6 months have passed without any response or attempt to resolve the claim and after attempts to resolve has been denied.  A true and correct copy being attached hereto as Ex. A.

**GENERAL ALLEGATIONS**

8. On or about October 18, 2020 Off. Riley, without probable cause, detained Mr. Kelly after startling Mr. Kelly as he and Off. Riley approached accident involving several other vehicles.  On the above noted date, purportedly, Det. Riley passed Mr. Kelly as they both approached the above referenced accident, initiating his siren and lights as he approached Mr. Kelly, startling Mr. Kelly and distracting Mr. Kelly and coming very close to causing Mr. Kelly to collide with a vehicle in front of him.  Mr. Kelly fortunately was successful in

correcting his course of travel, however, was then stopped by Off. Riley, who instead of attending the accident which he was responding to, did a u turn and proceeded to pull Mr. Kelly over without any probable cause to believe he had committed any crime whatsoever.

9. Upon approaching Mr. Kelly, Off. Riley, without justification and/or probable cause, requested Mr. Kelly to perform a field sobriety test. Mr. Kelly explained that he suffered from osteoarthritis, psoriatic arthritis, and severe neuropathy which prevented him from being able to perform the sobriety test. While not being able to perform the physical tests, Mr. Kelly was given the horizontal gaze nystagmus test twice, and passed both times, therefore indicating that he was not under the influence of any drugs or alcohol that would impair his ability to drive, and that any impairment was a result of his physical infirmities which cannot serve as the basis for probable cause to believe he was in violation of law

10. Notwithstanding the above, Off. Riley forcefully and without probable cause falsely arrested Mr. Kelly for Driving Under the Influence §316.193 (1) Fla. Stat. That subsequent to the arrest Mr. Kelly consented to a breath intoxylizer test, which resulted in a BAC of 0.00. Mr. Kelly was then requested to perform an urinalysis, albeit having no medications or other drugs in his possession, the results of the urinalysis mysteriously being lost or otherwise intentionally withheld. Notwithstanding the above, Bartow City Police Department sought prosecution, which the State of Florida filed a Nolle Prosequi on March 23,2021. A true and correct copy of which is attached hereto as Ex. "B".

11. The Plaintiff has performed all conditions precedent or they have otherwise occurred or been waived.

## COUNT I – FALSE ARREST/IMPRISONMENT

12. The Plaintiff hereby incorporates and realleges allegations 1 through 11 as if fully set forth herein.

13. That on or about October 18, 2020 the Defendants did wrongfully and falsely accuse the Plaintiff of Driving Under the Influence §316.193 (1) Fla. Stat and wrongfully and falsely arrested, imprisoned and detained the Plaintiff.

14. That the arrest and imprisonment of the Plaintiff by Defendants, their agents, servants and employees was without any reasonable cause or belief, and or probable cause to believe that the Plaintiff was in fact guilty of the crime.

15. That the Defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the plaintiff was wholly innocent of the criminal charges and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

16. That as the direct and proximate cause of Defendants acts and omissions, the Plaintiff has suffered actual, pecuniary, incidental/consequential damages, including but not limited to physical injury, pain, suffering, emotional distress, and harm to his reputation in the community.

**WHEREFORE**, **ROBERT WILLIAM KELLY**, by and through the undersigned counsel demands judgment against Defendants for actual/compensatory damages and costs and any further relief this Court deems just and proper.

### COUNT II – NEGLIGENT PERFORMANCE OF DUTY

17. The Plaintiff hereby incorporates and realleges allegations 1 through 11 as if fully set forth herein.

18. That the Defendants, their agents and employees negligently performed their duties in that they failed to use such care in the performance of their police duties as a reasonably prudent and careful police officer would have used under similar circumstances; in that the investigation was conducted in a hasty and negligent manner, to wit, the Plaintiff was obviously physically impaired, and the breath intoxylizer test, which resulted in a BAC of 0.00.

19. That as the direct and proximate cause of Defendants acts and omissions, the Plaintiff has suffered actual, pecuniary, incidental/consequential damages, including but not limited to physical injury, pain, suffering, emotional distress, and harm to his reputation in the community.

**WHEREFORE**, **ROBERT WILLIAM KELLY**, by and through the undersigned counsel demands judgment against Defendants for actual, incidental/consequential, damages, and costs and any further relief this Court deems just and proper.

### COUNT III – ASSAULT AND BATTERY

20. The Plaintiff hereby incorporates and realleges allegations 1 through 11 as if fully set forth herein.

21. That on or about October 18, 2020 the Defendants without just cause or provocation and with great force and violence, violently seized, assaulted and laid hold of the Plaintiff, **ROBERT WILLIAM KELLY**, including but not limited to intentionally, forcefully and fiercely grabbing a hold of the Plaintiff by his arms and causing handcuffs to be tightly placed upon the wrists of the plaintiff.

22. That the Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally assaulted and battered Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact upon Mr. Kelly, and that said act(s) caused apprehension of such contact in the plaintiff, and Defendants, in a hostile and/or offensive manner touched the Plaintiff, without his consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery in and about his head, neck, back, body and limbs.

23. That as the direct and proximate cause of Defendants acts and omissions, the Plaintiff has suffered actual, pecuniary, incidental/consequential damages, including but not limited to physical injury, pain, suffering, emotional distress, and harm to his reputation in the community.

**WHEREFORE**, **ROBERT WILLIAM KELLY**, by and through the undersigned counsel demands judgment against Defendants for actual, incidental/consequential, damages, and costs and any further equitable relief this Court deems just and proper.

## COUNT IV – CIVIL RIGHTS ACTION UNDER 42 U.S.C. 1983

24. The Plaintiff hereby incorporates and realleges allegations 1 through 11, 13-15, 21 and 22 as if fully set forth herein.

25. That the Plaintiff hereby sues the Defendants for the deprivation of Plaintiff's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

26. At all times material hereto, Defendants were acting under the color of state law and pursuant to policy, custom and/or usage of the Bartow Police Department.

27. Defendants, through the various acts and omissions discussed above, deprived the Plaintiff of his rights, privileges and immunities secured by the Fourth Amendment of the Constitution of the United States including, but not limited to, the right to be free from unreasonable seizures, unlawful use of force, false imprisonment, false arrest and false accusations of criminal conduct.

28. Defendants, through the various acts and omissions discussed above, deprived the Plaintiff of his rights, privileges and immunities secured by the Fourteenth Amendment of the Constitution of the United States including, but not limited to, the right to liberty, the right to substantive and procedural due process, the right to be free from unlawful detention and imprisonment, the right to be free from unlawful seizure, and those fundamental rights of due process, liberty and life as guaranteed by the Constitution of the United States.

29. That as the direct and proximate cause of Defendants acts and omissions, the Plaintiff has suffered actual, pecuniary, incidental/consequential damages, including but not limited to physical injury, pain, suffering, emotional distress, and harm to his reputation in the community.

30. The Plaintiff is obligated to pay the undersigned attorney his reasonable fees, and the Defendant is liable for same pursuant to 42 U.S.C. § 1988, and for all other damages allowable pursuant to 42 U.S.C. § 1983.

**WHEREFORE**, **ROBERT WILLIAM KELLY**, by and through the undersigned counsel demands judgment against Defendants for actual and compensatory damages and attorneys' fees pursuant to 42. U.S.C. § 1988, and any further equitable relief this Court deems just and proper.

*PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE*

Dated this Monday, March 13, 2023.

*/s/Michael T. Robertson*
Michael T. Robertson, Esq.
FBN:0157392
Law Office of Michael T. Robertson, Esq.
2201 Ringling Blvd. Ste. 205
Sarasota, Florida 34237
PH: (941) 365-7220
Email: MTRobertson@lomtr.com
Attorney for: *Plaintiff*