## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROBERT WILLIAM KELLY,

     Plaintiff,

v.                                   Case No: 8:23-cv-548-CEH-AAS

CITY OF BARTOW, FL,

     Defendant.

_____/

## ORDER

This matter comes before the Court on Defendant City of Bartow's Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice (Doc. 24). In the motion, Defendant requests an Order dismissing the Second Amended Complaint with Prejudice for failure to state a claim upon which relief can be granted. Plaintiff responded in opposition. Doc. 28. The Court, having considered the motion and being fully advised in the premises, will grant, in part, Defendant City of Bartow's motion and will dismiss Plaintiff's Section 1983 claim in Count III, with leave to amend.

## I.    BACKGROUND[1]

Plaintiff Robert William Kelly ("Plaintiff" or "Kelly") was driving a motor vehicle on October 18, 2020, when he came upon an accident scene. Doc. 22 ¶ 8.

---

[1] Unless otherwise stated, the following statement of facts is derived from the Second Amended Complaint (Doc. 22), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

While Kelly was attempting to navigate around the scene, Bartow Police Department Officer Bryce Riley ("Officer Riley") pulled up behind or was already behind Kelly's vehicle. *Id.* Officer Riley activated his siren and lights and proceeded to accelerate his vehicle around Kelly's into an adjacent lane. *Id.* Officer Riley's actions startled Kelly, who braked to avoid contact with the vehicles involved in the accident. *Id.* ¶ 9. Officer Riley proceeded to make a U-turn and pulled up behind Kelly's vehicle. *Id.* ¶ 10. Officer Riley exited his vehicle and demanded Kelly to exit his vehicle. *Id.* ¶ 11. Officer Riley requested Kelly to perform a field sobriety test. *Id.*

Kelly, who was 64 years old, informed Officer Riley that he suffers from osteoarthritis, psoriatic arthritis, and severe neuropathy, which prevented him from being able to perform physically demanding portions of the field sobriety test. *Id.* Although Kelly could not perform the physical portions of the test, he twice passed the horizontal gaze nystagmus test. *Id.* ¶ 12.

Officer Riley arrested Kelly for driving under the influence, in violation of Fla. Stat. § 316.193(1). *Id.* ¶ 13. Subsequently, Officer Riley requested that Kelly consent to a breath intoxilyzer test, to which Kelly consented, and the results reflected a blood-alcohol level of 0.00. *Id.* Officer Riley also requested a urinalysis. *Id.* Although the results of that test were not documented by Officer Riley, Kelly alleges that on information and belief, the results of the urinalysis showed no drugs in Kelly's system that would impair his ability to drive. *Id.*

Notwithstanding the results showing that Kelly was not impaired or under the influence of any drugs or alcohol, the Bartow City Police Department did not release Kelly, and instead confined him to jail and initiated criminal proceedings against him. *Id.* ¶ 14. Approximately five months later, on March 23, 2021, the State of Florida filed a *Nolle Prosequi*, dismissing the charges against Kelly. *Id.* ¶ 15.

On March 13, 2023, Kelly sued the Bartow Police Department and Officer Riley. Doc. 1. On August 8, 2023, the Bartow Police Department filed a motion for extension of time to respond to Plaintiff's Complaint and, per agreement with Plaintiff, requested that Plaintiff be permitted to file an Amended Complaint. Doc. 13. On August 25, 2023, Kelly filed an Amended Complaint[2] for False Arrest/Imprisonment, Malicious Prosecution, and Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 against the City of Bartow ("City" or "Defendant").[3] Doc. 17. On September 7, 2023, the City moved to dismiss the Amended Complaint arguing that Kelly cannot establish a constitutional violation where the arresting officer had probable cause to stop and

---

[2] On the same date and prior to the docketing of his Amended Complaint, Plaintiff filed a "Complaint for False Arrest/Imprisonment, Negligent Performance of Duty, Assault and Battery, and Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 and Demand for Jury Trial" against Bartow Police Department and Officer Riley. Doc. 16. The subsequently filed Amended Complaint dropped Officer Riley as a party. Doc. 17.

[3] Kelly initially named the Bartow Police Department as a defendant. *See* Doc. 1. "[P]olice departments are not usually considered legal entities subject to suit." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Under Fed. R. Civ. P. 17(b)(3), an entity's capacity to be sued is determined by "the law of the state where the court is located." *See also Dean*, 951 F.2d at 1214 (quoting former, substantively identical version of Fed. R. Civ. P. 17(b)). Under Florida law, a city police department generally does not have the capacity to sue or be sued because it is merely "the vehicle through which the city government fulfills its policing functions...." *Fla. City Police Dep't v. Corcoran*, 661 So.2d 409, 410 (Fla. 3d DCA 1995). In his Amended Complaint and Second Amended Complaint, Kelly names the City of Bartow as Defendant, rather than the police department.

detain Plaintiff and Plaintiff failed to establish the municipality had a policy or custom that constituted deliberate indifference to Plaintiff's constitutional rights. Doc. 18. As for the state law claims, the City argued Plaintiff fails to plead the required elements to sustain his state law claims for false arrest/imprisonment or malicious prosecution. *Id.* In response to the City's motion, Plaintiff asserted that the officer's probable cause affidavit raises disputed questions of fact which cannot be resolved on a motion to dismiss. Doc. 19. Notwithstanding, Plaintiff agreed that his claims in Counts I and III could be more clearly pleaded. He sought leave to file a Second Amended Complaint, which the Court granted. Docs. 19, 20.

In a three-count Second Amended Complaint, Kelly sues the City for Civil Rights violations under 42 U.S.C. § 1983 based on alleged malicious prosecution (Count III) and state law claims of false arrest (Count I) and false imprisonment (Count II). Doc. 22. In Count I, Kelly sues Defendant City of Bartow for wrongfully and falsely arrested Kelly for driving under the influence. *Id.* ¶ 19. Kelly alleges that Defendant's employees were without probable cause in arresting him given that the results of the breathalyzer and urinalysis came back negative. *Id.* ¶ 20. Kelly alleges that Defendant and its agents detained and imprisoned him when they knew or should have known that Kelly was innocent of the criminal charges. *Id.* ¶ 21. He claims he suffered damage, including physical injury, pain, suffering, emotional distress, and harm to his reputation because of Defendant's acts and omissions. *Id.* ¶ 22. In Count II of the Second Amended Complaint, Kelly asserts a state law claim for false imprisonment alleging that Defendant detained and imprisoned him against his will

notwithstanding that Defendant's investigation revealed that Kelly was not under the influence of alcohol or drugs and that he was an elderly man with physical infirmities. *Id.* ¶¶ 25, 26. Kelly alleges damages as a result. *Id.* ¶ 27.

In Count III, Kelly sues Defendant under federal law alleging a deprivation of his Fourth Amendment rights in violation of 42 U.S.C. § 1983, arising out of a malicious prosecution. *Id.* ¶¶ 28–35. Kelly alleges that Defendant unlawfully imprisoned and instituted criminal proceedings without probable cause and with the knowledge that Kelly was not under the influence of drugs and alcohol as evidenced by the negative urinalysis and breathalyzer tests. *Id.* ¶ 31. He claims Defendant deprived him of the right to be free from unreasonable seizures, false imprisonment, false arrest and initiation of criminal proceedings without probable cause. *Id.* ¶ 32. Kelly alleges that the criminal proceedings terminated in his favor. *Id.* ¶ 33. As a result of Defendant's acts and omissions, Kelly asserts he suffered damages. *Id.* ¶ 34.

Defendant City of Bartow moves to dismiss Kelly's Second Amended Complaint arguing that the complaint does not contain sufficiently pleaded allegations imposing liability on the City of Bartow and therefore requires dismissal. Doc. 24. Regarding Counts I and II, the City of Bartow argues that probable cause existed for the arrest, as indicated by the allegations of the Second Amended Complaint, and the existence of probable cause is a bar to Plaintiff's claims. Regarding Count III, Defendant argues that Kelly fails to plead any custom or policy as required by *Monell v. Department of Social Services*, 436 U.S. 658 (1978), to give rise to municipal liability under § 1983.

5

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient.  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient.  *Id.*  A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).  The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint.  *Id.*

## III.    DISCUSSION

Kelly sues the City of Bartow alleging federal and state law claims. The Court addresses the federal claim first.

### A. Count III – Section 1983

In Count III, Plaintiff sues the City of Bartow under Section 1983 based upon alleged malicious prosecution. Significantly, a municipality cannot be held vicariously liable under Section 1983 for a constitutional violation committed by its officer. *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016) (citing *Monell*, 436 U.S.

at 693–94). Rather, a plaintiff bringing a Section 1983 claim against a municipality based on the acts of one of its employees/agents must prove two things. First, the plaintiff must sufficiently allege a constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Second, the "plaintiff suing a municipality under § 1983 must show that the municipality itself injured the plaintiff by having in place a policy or custom which violated the plaintiff's rights." *Buckner v. Toro*, 116 F.3d 450, 451 (11th Cir. 1997) (citing *Monell*, 436 U.S. 658). Under *Monell*, the municipal "policy" or "custom" must be the moving force behind the constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989).

The City moves to dismiss the Section 1983 claim, arguing that Kelly fails to sufficiently allege *Monell* liability. The Court agrees. Kelly's allegations in the Second Amended Complaint fall short of alleging the existence of a policy or custom to give rise to Section 1983 municipal liability under *Monell* against the City. "It is only when the 'execution of the government's policy or custom . . . inflects the injury' that the municipality may be held liable." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). In the Second Amended Complaint, Kelly summarily alleges that Defendant was acting pursuant to custom and policy when it relegated decision-making authority to the Bartow Police Department, who failed to release Plaintiff based on the negative breathalyzer and urinalysis tests. Doc. 22 ¶ 30. However, Kelly's conclusory allegations of the existence of a policy or custom are insufficient. Kelly fails to allege any ultimate facts that the purported constitutional violation was a result of a policy and/or custom that was the moving force behind the constitutional violation that

7

would give rise to the City's liability. *See Grier v. State of Fla.*, No. 3:04-CV-914-HES-MMH, 2005 WL 1073932, at *2 (M.D. Fla. Apr. 18, 2005) (although heightened pleading requirements are not employed in § 1983 cases alleging municipal liability, a plaintiff bringing a claim against a municipal defendant must do more than simply allege that such an official policy exists). Thus, Kelly's Section 1983 claim is due to be dismissed for failure to state a claim. The Court will give Plaintiff one final opportunity to amend.

Although Defendants' motion will be granted as to Count III, the Court will address the City's other arguments on this claim since Plaintiff will be permitted to amend. The City additionally argues this claim fails because Plaintiff is unable to state a claim for malicious prosecution. The Eleventh Circuit has explained that to establish a claim for malicious prosecution under Section 1983, a plaintiff must prove the elements of the common law tort of malicious prosecution and a violation of the plaintiff's Fourth Amendment right to be free from unreasonable seizures. *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004), *abrogated on other grounds by, Williams v. Aguirre,* 965 F.3d 1147, 1159 (11th Cir. 2020).

Under Florida law, to state a claim for malicious prosecution, a plaintiff must allege the following elements: (1) an original judicial proceeding against the plaintiff was commenced or continued; (2) the defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the

present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. *Olson v. Johnson*, 961 So. 2d 356, 359 (Fla. 2d DCA 2007).

Attaching Officer Riley's probable cause affidavit to its motion to dismiss (Doc. 24 at 24–25), the City argues that Kelly fails to establish an absence of probable cause and therefore he cannot state a claim for malicious prosecution. In its motion, the City asks the Court to take judicial notice of Officer Riley's affidavit obtained in support of the criminal complaint. Doc. 24 at 2 n.2. Kelly did not attach the Riley Affidavit to his Second Amended Complaint, but the Court may take judicial notice of it at Defendant's request. Rule 201(b), Federal Rules of Evidence, allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes "public records within its files relating to the particular case before it or other related cases." *Cash Inn of Dade, Inc. v. Metro. Dade Cty.*, 938 F.2d 1239, 1243 (11th Cir. 1991). Pursuant to Rule 201(c)(2), the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Thus, the Court may take judicial notice of documents filed in another court, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). In his response, Kelly emphatically disputes Officer Riley's version of the facts as set out in his affidavit. The Court will take judicial notice of the fact that Riley submitted an affidavit in support of the criminal complaint against

Kelly, but the Court does not take judicial notice of the truth of the matters asserted in the affidavit.

The City argues that erratic driving and an arrestee's inability to pass a field sobriety test are sufficient to establish probable cause for intoxication and/or impairment. Doc. 24 at 5 (citing *Huebner v. State*, 731 So. 2d 40, 45 (Fla. 4th DCA 1999) ("[A]ppellant's erratic driving behavior provided sufficient justification for her stop and arrest."); *State, Dept. of Highway Safety and Motor Vehicles v. DeShong*, 603 So. 2d 1349, 1352 (Fla. 2d DCA 1992) ("Erratic driving similar to that involved in this case has been held sufficient to establish a founded suspicion and to validate a DUI stop); *State v. Carrillo*, 506 So. 2d 495, 496-97 (Fla. 5th DCA 1987) (weaving within a traffic lane); *Esteen v. State*, 503 So. 2d 356 (Fla. 5th DCA 1987) (same)"); *Baden v. State*, 174 So. 3d 494, 497 (Fla. 4th DCA 2015) ("Erratic driving suffices to establish a founded suspicion and to validate a DUI stop. What establishes one's driving as "erratic" is determined on a case-by-case basis as there is no statutory definition of erratic driving.")). But this argument is premised on the Court's acceptance of the facts as set forth in the Riley affidavit, which Kelly disputes. According to Kelly's allegations, he alerted the officer that he would have difficulty performing the physically challenging portions of the field sobriety tests due to his physical infirmities. Given that he passed the non-physical portions of the field sobriety test, and significantly, had a negative BAC and negative urinalysis, Kelly argues no reasonable officer would believe that he was guilty of committing a crime. Thus, he claims there

was no probable cause. Or, at a minimum, the issue of probable cause cannot be decided on the instant motion.

While a plaintiff who asserts a Section 1983 claim bears the burden of showing the absence of probable cause, probable cause is an affirmative defense under state law. *Davis v. City of Apopka*, 734 F. App'x 616, 621 n.7 (11th Cir. 2018). The existence of an affirmative defense generally will not support a motion to dismiss, but a complaint may be dismissed under Rule 12(b)(6) "when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *on reh'g*, 764 F.2d 1400 (11th Cir. 1985) (en banc).

In evaluating Kelly's allegations, the Court must accept his well-pleaded allegations as true and draw all reasonable inferences in his favor. *Montgomery Cnty. Comm'n v. Fed. Hous. Fin. Agency*, 776 F.3d 1247, 1254 (11th Cir. 2015). Review of the allegations of the Second Amended Complaint reveals that the existence of probable cause is not clear from the face of the complaint. Although Kelly acknowledges that he could not pass the physically demanding portions of the field sobriety test, this was attributable to his physical infirmities, including osteoarthritis, psoriatic arthritis, and severe neuropathy, which he alleges he explained to Officer Riley at the time of the stop. He further alleges that, at the scene, he successfully passed the horizontal gaze nystagmus test twice. And he subsequently consented to a breathalyzer test which resulted in a BAC of 0.00 and a urinalysis test which was negative. Accepting as true Plaintiff's well-pleaded allegations, Kelly alleges an absence of probable cause, and the

City's argument that the Plaintiff fails to show an absence of probable cause is unavailing.

The City also argues that there was no malice on the part of the Defendant alleged by Plaintiff to support a claim for malicious prosecution. "In an action for malicious prosecution it is not necessary for a plaintiff to prove actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause, gross negligence, or great indifference to persons, property, or the rights of others." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1357 (Fla. 1994). Although Plaintiff does not specifically allege there was malice on the part of the Defendant, he does allege a lack of probable cause. Because he will be given the opportunity to amend, Plaintiff should ensure he adequately alleges all elements of a claim for malicious prosecution, including malice, in addition to adequately alleging the basis for *Monell* liability against the City.

## B. Counts I and II – State Law Claims

In Counts I and II of the Second Amended Complaint, Kelly sues the City in claims arising under Florida law for false arrest and false imprisonment. The City argues that the existence of probable cause is an absolute bar to Plaintiff's false arrest and false imprisonment claims. Doc. 24 at 7–15. A false arrest in Florida occurs when there is an "unlawful restraint of a person against that person's will." *Willingham v. City of Orlando*, 929 So. 2d 43, 48 (Fla. 5th DCA 2006) (citing *Johnson v. Weiner*, 19 So. 2d 699 (1944)). In a false arrest action, probable cause is an affirmative defense to be

proven by the defendant. *Willingham*, 929 So. 2d at 48 (citing *City of St. Petersburg v. Austrino*, 898 So. 2d 955, 957 (Fla. 2d DCA), *review denied*, 911 So. 2d 97 (Fla. 2005)).

"The essential elements of a cause of action for false imprisonment include: (1) the unlawful detention and deprivation of liberty of a person; (2) against that person's will; (3) without legal authority or "color of authority"; and (4) which is unreasonable and unwarranted under the circumstances." *Mathis v. Coats*, 24 So. 3d 1284, 1289 (Fla. 2d DCA 2010) (citations omitted). Claims for false arrest and false imprisonment are closely related, "but false imprisonment is a broader common law tort; false arrest is only one of several methods of committing false imprisonment." *Id.* (citing § 787.02(1)(a), Fla. Stat. (2004)).

In *Mathis*, the appellate court agreed that probable cause existed for plaintiff's arrest when she failed the field sobriety tests after being stopped for striking the center median, nearly side-swiping another car, and striking the median again. However, the court noted that while there may have been probable cause at the scene of the arrest,[4] it thereafter evaporated when a breathalyzer test showed a 0.00 reading, and a subsequent urinalysis indicated no level of drugs or other intoxicants in her system. *Id.* at 1290. Thus, the court concluded that Mathis may have been able to state a claim for false imprisonment. *Id.* (citing *Sponar v. S.C. Dep't of Pub. Safety*, 603 S.E.2d 412, 416 n. 3 (S.C. Ct. App. 2004) (noting that an individual whom authorities continued to

---

[4] The Court notes that the *Mathis* case was before the court on summary judgment, not a motion to dismiss. Additionally, the *Mathis* facts differ from the instant case because Mathis failed the field sobriety tests, whereas Kelly twice passed the horizontal gaze nystagmus test at the scene.

13

detain for DUI after registering below .05% on a breath test may have recourse in a civil action for false imprisonment); *McConney v. City of Houston*, 863 F.2d 1180, 1185 (5th Cir. 1989) (concluding that "a person may constitutionally be detained for at least four or five hours following a lawful warrantless arrest for public intoxication without the responsible officers having any affirmative duty during that time to inquire further as to whether the person is intoxicated"; an arrestee should be released once it is ascertained that he is not intoxicated); *Babers v. City of Tallassee, Ala.*, 152 F. Supp. 2d 1298, 1309 (M.D. Ala. 2001) ("[F]ollowing a lawful warrantless arrest, a police officer has an affirmative duty to release an arrestee if he ascertains beyond a reasonable doubt that the probable cause which formed the basis for the arrest was unfounded.")).

The existence of probable cause requires an examination of the totality of the circumstances. *City of Clearwater v. Williamson*, 938 So. 2d 985, 989 (Fla. 2d DCA 2006). And, as discussed in the section above, by taking judicial notice of the Riley Affidavit, the Court does not accept the facts of the matters therein as truthful. On the instant motion, the Court must accept the well-pleaded allegations of the Second Amended Complaint as true. In so doing, the Court finds that Plaintiff states a cause of action for false arrest and false imprisonment and further finds the issue of probable cause cannot be resolved on the instant motion to dismiss.

Accordingly, it is

**ORDERED**:

1.   Defendant City of Bartow's Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice (Doc. 24) is **GRANTED**, in part.

14

2.      Count III of Plaintiff's Second Amended Complaint is dismissed without prejudice.

3.      In all other respects, Defendants' motion to dismiss (Doc. 24) is **DENIED**.

4.      If he so chooses, Plaintiff may file a Third Amended Complaint on or before **January 9, 2025**.

5.      If Plaintiff fails to file a Third Amended Complaint within the time permitted, the case shall proceed against the City on Counts I and II of the Second Amended Complaint.

**DONE AND ORDERED** in Tampa, Florida on December 26, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any