UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT WILLIAM KELLY,

    Plaintiff,

v.                                                Case No: 8:23-cv-548-CEH-AAS

CITY OF BARTOW, FL,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant City of Bartow's Motion to Dismiss Count III of Plaintiff's Third Amended Complaint with Prejudice (Doc. 36). In the motion, Defendant requests dismissal with prejudice of Plaintiff's § 1983 claim against the City of Bartow because Plaintiff fails to plead a policy or custom that was a moving force behind the alleged constitutional violation. The Court, having considered the motion and being fully advised in the premises, will grant Defendant City of Bartow's Motion to Dismiss Count III of Plaintiff's Third Amended Complaint, dismiss the federal claim with prejudice, decline to exercise supplemental jurisdiction over the remaining state law claims, and dismiss the state law claims without prejudice.

**I.**      **BACKGROUND**[1]

---

[1] Unless otherwise stated, the following statement of facts is derived from the Third Amended Complaint (Doc. 34), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality*

On October 18, 2020, Plaintiff Robert Kelly ("Plaintiff") was operating a motor vehicle near the intersection of Highway 17 and Georgia Street in Bartow, Florida, when Plaintiff observed an accident involving several vehicles that was impeding traffic. Doc. 34 ¶ 8. As he approached the accident scene, numerous vehicles were attempting to drive around the accident in haphazard fashion. *Id.* ¶ 9. Plaintiff slowed his vehicle while attempting to go around the accident when Officer Riley approached from the south, sped up behind Plaintiff's vehicle and turned on his sirens and lights. *Id.* ¶ 10. Startled, Plaintiff reflexively pushed on his gas pedal and then slammed on his brakes causing his vehicle to lurch and stop. *Id.* Officer Riley turned his patrol car around and pulled up behind Plaintiff's vehicle. *Id.* Officer Riley exited his vehicle and demanded Plaintiff exit his vehicle and perform field sobriety tests. *Id.* ¶ 13.

Plaintiff, who is 64 years old, suffers from osteoarthritis, psoriatic arthritis, and severe neuropathy. *Id.* ¶ 12. When asked to perform a field sobriety test, Plaintiff informed Officer Riley that his back issues due to his medical conditions prevented him from performing physically demanding portions of the sobriety test. *Id.* ¶ 13. Officer Riley did not have Plaintiff perform alternative tests such as "Finger to Nose" or "Romberg Balance" in addition to or in lieu of the "Walk and Turn test" although the National Highway Traffic Safety Administration ("NHTSA") recommends the former tests when dealing with a driver who is 65 years and older. *Id.* ¶ 14.

---

*Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

No empty containers of alcohol were found in Plaintiff's vehicle, nor did Officer Riley claim to smell the odor of alcohol. *Id.* ¶¶ 15, 16. Officer Riley knew that Plaintiff was suffering from physical infirmities, and yet he failed to inquire of Plaintiff as to prescribed medications. *Id.* ¶ 17. Although Plaintiff could not perform the "Walk and Turn" tests, he did twice pass the horizontal gaze nystagmus test, which Plaintiff alleges is indicative that he was not under the influence of any drugs or alcohol. *Id.* ¶ 18.

Officer Riley arrested Plaintiff for driving under the influence in violation of Florida Statute § 316.193(1). *Id.* ¶ 19. After his arrest, Plaintiff consented to a blood alcohol test which resulted in a BAC of 0.00. *Id.* Defendant City of Bartow's written policies and procedures as set forth in the Bartow Police Department DUI Field Packet ("BPDFP") require officers to request urine samples upon a BAC below 0.08 notwithstanding whether the officer has reasonable cause to believe the person has been driving under the influence of chemical or controlled substances. *Id.* ¶ 20. Plaintiff consented to the urinalysis. *Id.* ¶ 21.

The Defendant did not release Plaintiff, but instead confined him to jail and initiated criminal proceedings against him, although he consented to testing which showed he was not under the influence of drugs or alcohol and his BAC was 0.00. *Id.* ¶ 22. Standardized NHTSA procedures and policies seek to ensure that correct decisions are made regarding an arrest for driving under the influence by having officers trained as Drug Recognition Experts ("DRE") to avoid false arrests and incarcerations. *Id.* ¶ 23. Defendant does not train or otherwise employ DREs. *Id.* On

March 23, 2021, the State of Florida filed a *Nolle Prosequi*, dismissing the charges against Plaintiff for driving under the influence. *Id.* ¶ 24; Doc. 34-2.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III.   DISCUSSION

In his Third Amended Complaint, Plaintiff sues Defendant City of Bartow alleging federal and state law claims. Defendant moves to dismiss the federal claim in Count III. Doc. 36. Defendant notes that the Third Amended Complaint does not allege the existence of a policy or custom that was a moving force behind the alleged constitutional violation, but instead, alleges that the constitutional violations were the

result of Defendant's failure to follow and properly train officers in accord with the standards of the NHTSA. *Id.* (citing Doc. 34 ¶ 38). Defendant argues that Plaintiff's claim fails because he has not identified a custom or policy to give rise to *Monell*[2] liability. A municipality's failure to train its employees in a relevant respect may be actionable under § 1983, but "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).

In Count III, Plaintiff alleges that Defendant failed to follow and properly train officers in accord with the standards of NHTSA. Doc. 34 ¶ 38. He further alleges Defendant failed to provide any training related to recognizing how age and common medical conditions can affect a person's ability to perform certain field sobriety tests and failed to train on how to distinguish between symptoms of medical conditions versus signs of alcohol or drug impairment. *Id.* In his response, Plaintiff similarly argues that Defendant "failed to train officers on how to recognize and account for age-related and medical conditions that could affect a person's ability to perform standard sobriety tests." Doc. 43 at 5. He also argues Defendant failed to employ or train DREs. *Id.* at 6–7.

As observed by the *Canton* Court, "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *Id. Canton*, 489 U.S. at 387. A section 1983 plaintiff may impose *Monell* liability on a city arising

---

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

5

out of a failure to train, but "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.* at 389.

A plaintiff can establish deliberate indifference by demonstrating that the municipality knew of a need for training or supervision but deliberately decided against taking action. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). Here, although Plaintiff alleges, in conclusory fashion, that Defendant "has been deliberately indifferent" to the need for training and supervision, Plaintiff does not allege the existence of a pattern of similar constitutional violations by untrained employees, which is typically necessary to demonstrate deliberate indifference for purposes of a failure to train claim. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1328 (11th Cir. 2015) (citing *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). In *Weiland*, the Eleventh Circuit upheld dismissal of plaintiff's failure-to-train claim where plaintiff failed to allege a pattern of similar constitutional violations by untrained employees. *Id.* at 1328–1329. And although the *Weiland* plaintiff alleged the Sheriff was "on notice" of the need to promulgate policies pertaining to use of force when dealing with mentally handicapped persons, no facts were alleged to support the conclusory allegations of notice. *Id.* at 1329.

Similarly, Plaintiff's failure-to-train allegations are insufficient. Plaintiff's Third Amended Complaint contains no factual allegations to reflect a pattern of similar constitutional violations to alert the City of a need to train its officers to be DREs or

to recognize and account for age-related and medical conditions. Nor does Plaintiff allege any facts in the complaint regarding notice. And his vague reference in his response about an increasing population of elderly is too conclusory to factually support evidence of notice. Plaintiff fails to state a claim based on a failure-to-train theory.

In his response, Plaintiff also argues he has sufficiently pleaded a claim under Section 1983 because the City's policies failed to follow NHTSA standards, which recommend alternative sobriety tests for individuals over 65 years old. Given that Plaintiff's Third Amended Complaint alleges that he was younger than 65 at the time of the stop and his arrest, this argument is unpersuasive.

Lastly, Plaintiff argues that the City's policy mandating urinalysis tests without reasonable suspicion violated his Fourth Amendment rights. The Third Amended Complaint alleges Defendant's policies set forth in the BPDFP require officers to request urine samples upon a BAC of .08 or lower, notwithstanding that an officer has no reasonable cause to believe such person was driving while under the influence. Doc. 34 ¶ 20. While he alleges that he consented to the urinalysis, *id.* ¶ 21, he does not allege the results of the urinalysis or when those results became available. Also, noticeably absent are any factual allegations that the City's policy was the moving force behind the alleged constitutional violation. *Canton*, 489 U.S. at 379 (citing *Monell*, 436 U.S. 658). "A plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S.

397, 411 (1997). Plaintiff alleges no facts to support that the City's policy regarding requiring urinalysis with a BAC at or below .08 was implemented with deliberate indifference to a risk that constitutional violations will result.

In his response, Plaintiff requests that if the Court grants Defendant's motion to dismiss that he be permitted leave to amend to add any "magic words" necessary to state a claim. The problem with Plaintiff's allegations is not the absence of "magic words." Instead, it is the absence of facts to support the existence of a policy or custom to support *Monell* liability. As this is Plaintiff's Third Amended Complaint (and thus his fourth attempt), the Court is not inclined to grant further amendment where Plaintiff has not indicated he has any additional facts to allege. The Court concludes that further amendment would be futile. Plaintiff's federal claim in Count III is due to be dismissed with prejudice.

Plaintiff's remaining claims against the City of Bartow in Counts I (false arrest) and II (false imprisonment) arise under Florida law. The resolution of those claims will require analysis of Florida law. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). This case has not gone to trial and is not currently scheduled for trial. Therefore, the Court will decline to exercise its supplemental jurisdiction over these remaining claims and they will be

dismissed.[3] *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see Jordan v. Mosley*, 298 F. App'x 803, 806 (11th Cir. 2008), *citing Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) (the decision whether to exercise supplemental jurisdiction is within the discretion of the district court and we have "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial"). Accordingly, it is hereby

**ORDERED**:

1. Defendant City of Bartow's Motion to Dismiss Count III of Plaintiff's Third Amended Complaint with Prejudice (Doc. 36) is **GRANTED**.

2. Plaintiff's federal claim against the City of Bartow in Count III of the Third Amended Complaint is **DISMISSED WITH PREJUDICE**.

3. The federal claim having been dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims against City of Bartow in Counts I

---

[3] Because this action was originally filed in federal court, as opposed to being removed to this court, the state law claims will be dismissed without prejudice to Plaintiff pursuing his state law claims in state court. "The period of limitations for any claim asserted under subsection (a) [establishing supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). Section 1367(d) "protects plaintiffs who choose to assert supplemental state-law claims in a federal action. If the court declines to exercise supplemental jurisdiction over those claims, the plaintiff may assert them in a new action in state court without fear of being barred by the statute of limitations. This obviously protects plaintiff when state law might not have provided for tolling during the pendency of the federal-court case." 13D Charles Alan Wright et al., Federal Practice & Procedure § 3567.4, 458–59 (3d ed. 2008).

(False Arrest) and II (False Imprisonment) of the Third Amended Complaint. Counts I and II are **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk is directed to enter Judgment in favor of Defendant City of Bartow and against Plaintiff Robert William Kelly, as to the federal claim in Count III.

5. The Clerk is further directed to terminate any pending motions and deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on June 24, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any